UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDAR Y. ROGLER,           )<br>                          )<br>        Plaintiff,       )<br>                          )<br>    v.                    )<br>                          )<br>U.S. DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES, *et al.*, )<br>                          )<br>        Defendants.       )<br>                          ) | Civil Action No. 08-2006 (RMC) |

MEMORANDUM OPINION

In this lawsuit, Edar Y. Rogler, Esq., has sued the U.S. Department of Health and Human Services and Secretary Kathleen Sebelius[1] under the Privacy Act, 5 U.S.C. § 552a; the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*[2] Despite repeated extensions of time, she has failed to respond to Defendants' Motion to Dismiss the First Amended Complaint and now asks the Court to stay this case pending the appeal

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kathleen Sebelius is substituted as Secretary for her predecessor Charles E. Johnson, Acting Secretary of the U.S. Department of Health and Human Services. Since Ms. Rogler sought only injunctive relief against Acting Secretary Johnson, it is assumed that she sued him in his official capacity only. This conclusion is buttressed by the fact that the First Amended Complaint, at 61 pages and 237 paragraphs, makes no allegation that Mr. Johnson had any personal role in the events at issue.

[2] Ms. Rogler's Complaint and her First Amended Complaint also mention the Back Pay Act, 5 U.S.C. § 5596, but the prayer for relief contains no request for such a remedy. Rather, the Complaints both state that "plaintiff is not praying for monetary damages, but monetary compensation may flow from the Court's inherent powers to order restitution for a federal witness and the Back Pay Act." Compl. ¶ 244; 1st Am. Compl. ¶ 197.

of a prior case, *Rogler v. Biglow*, Civil Action No. 07-2308, a *Bivens*[3] suit against HHS employees for alleged violations of Ms. Rogler's constitutional rights.  Ms. Rogler is an attorney who is proceeding *pro se* and who has instituted numerous lawsuits arising from her short-term work as a chaplain at the National Institutes of Health Care Center in Bethesda, Maryland.[4]  Defendants' pending motion [Dkt. # 20] was filed under Rules 8 and 10 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B), and is in all material respects identical to the motion to dismiss the original Complaint [Dkt. # 10], to which Ms. Rogler filed a short response [Dkt. # 16].

## I. BACKGROUND

### A. Pending Motions

Ms. Rogler is an attorney, admitted to the bars of two states and this Court.  In this action, she is proceeding *pro se* and *in forma pauperis*.  The original Complaint in this matter was 53 pages long and contained 279 paragraphs or allegations.  Shortly after Defendants' motion to dismiss ripened on March 31, 2009 — based, *inter alia*, on her failure to present a short and plain statement of her claims so that Defendants could defend themselves, *see* Fed. R. Civ. P. 8 — Ms. Rogler filed the First Amended Complaint.  *See* Dkt. # 19 (filed on April 2, 2009).  It is 61 pages long, contains 237 numbered paragraphs, and three exhibits, one of which is 152 pages long.  *See id.*

---

[3]  *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[4]  In addition to this lawsuit and her *Bivens* lawsuit, Ms. Rogler has another Privacy Act case pending in this Court, *see Rogler v. HHS*, Civil Action No. 08-570 (D.D.C.), and a lawsuit pending in the United States District Court for the District of Maryland in which she alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, *see Rogler v. Leavitt*, Civil Action No. 07-726 (D. Md.).

Defendants moved to dismiss the First Amended Complaint on April 13, 2009. *See* Dkt. # 20. Ms. Rogler then filed a motion for a stay pending the appeal of *Rogler v. Biglow*, Civil Action No. 07-2308, the *Bivens* action against HHS employees. *See* Dkt. # 23 (filed on April 29, 2009). In that motion, Ms. Rogler "proffer[ed] that the *Biglow* action dismissal with prejudice ends the viability of the instant action." *Id.* at 1 (italics added).

When Defendants failed to respond to her motion for a stay, Ms. Rogler filed a Notice of Consent for Stay and Motion to [sic] Extension of Time. *See* Dkt. # 25 (filed May 15, 2009). She asserts that "Defendants have consent[ed] to stay the instant proceeding pending a decision from the appellate court on Plaintiff's appeal in *Rogler v. Biglow*, c.a. no. [sic] 07-2308(RMC) ('*Biglow* case') by failing to oppose said motion, alternatively Plaintiff moves for more time to respond and further amend her complaint." *Id.* at 1. Ms. Rogler says that she thought Defendants' first motion to dismiss was for a more definite statement and thus the First Amended Complaint "was an amplified version of her Complaint . . . ." *Id.* She moves to streamline her Complaints or to withdraw the First Amended Complaint and fall back on her original Complaint. *See id.*

The Court will deny Ms. Rogler's motion for a stay [Dkt. # 23] as her reasoning — that this Privacy Act lawsuit cannot proceed until the Circuit rules on the appeal in her *Bivens* lawsuit — is unexplained and inexplicable.[5] Ms. Rogler's motion at Dkt. # 25 will be granted in part and denied in part. The Court will deny the motion for an extension of time to file a Second Amended Complaint and will grant the motion to "fall back on the [original] [C]omplaint," *id.*, as

---

[5] Awakened by Ms. Rogler's Notice of Consent for Stay, Defendants filed a Motion for Leave to File an Opposition Out of Time, *see* Dkt. # 27, explaining that they thought that the filing styled "Motion for a Stay Pending Appeal in 07-2308," which discussed that case, had been misfiled in the wrong docket. Ms. Rogler opposes Defendants' motion. *See* Dkt. # 30. The Court grants the motion at Dkt. # 27 and accepts Defendants' Opposition to a stay.

to which there is a ripe motion to dismiss already pending.

Finally, Ms. Rogler has filed an Emergency Ex Parte Motion and Memorandum to Block from Public Viewing D.E. # 24 [Dkt. # 26], which is Defendants' Notice of Intent to File Opposition, and which asserts that Ms. Rogler has earned monies as a lawyer representing a United States Department of Agriculture employee and advises that Defendants intend to file a motion challenging Ms. Rogler's eligibility for *in forma pauperis* status. *See* Dkt. # 24. Ms. Rogler complains that she has not received any such payments, that counsel representing the United States Department of Agriculture "have no legal right to disclose information on any USDA employee to attorneys representing DHHS," and that Defendants have "unlawfully collected and publicly declared that Plaintiff has received money that Plaintiff has not received." Dkt. # 26 at 2. Ms. Rogler asks the Court to block the notice and her emergency motion from public viewing. *See id.* The Court has no reason to review or question Ms. Rogler's IFP status. It also has no reason to strike the notice or to shield Ms. Rogler's own motion — filed on the public docket and not under seal by Ms. Rogler herself. The emergency motion [Dkt. # 26] will be denied.

### B. Defendants' Motion to Dismiss

The Complaint names only HHS and the Secretary as Defendants. *See* Compl. ¶ 1. However, it identifies at least ten current or former federal employees and alleges violations of law by them, although they are not parties. In addition, it alleges violations of law on behalf of other HHS employees, as to which claims Ms. Rogler does not have standing to sue.[6] The Complaint lays out, in detail, Ms. Rogler's short term of employment with HHS and the alleged actions by chaplains, lawyers and managers that led to the termination of her employment. She has a separate suit pending

---

[6] *See* Compl. ¶¶ 21, 31-39, 45-47, 49-57, 86, 162, 202, 204, 206, and 217-219.

in the District of Maryland, alleging that her discharge was a retaliatory act because she was a witness on behalf of a fellow chaplain in a hearing before an administrative judge of the Equal Employment Opportunity Commission. *See supra* note 4.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 10(b) requires a plaintiff to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

## III. ANALYSIS

The Court has reviewed the Complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Defendants argue that the Complaint should be dismissed for failure to comply with Federal Rules of Civil Procedure 8(a) and 10(b) and also because it constitutes malicious and frivolous litigation, subject to dismissal

under 28 U.S.C. § 1915(e)(2)(B). These will be addressed in turn.

### A. Federal Rules of Civil Procedure 8(a) and 10(b)

Federal Rule of Civil Procedure 8(a) provides that:

> A pleading that states a claim for relief *must contain*: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). "The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). Similarly, Federal Rule of Civil Procedure 10(b) provides that:

> A party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence — and each defense other than a denial — *must* be stated in a separate count or defense.

Fed. R. Civ. P. 10(b) (emphasis added). The Complaint fails to fulfill the requirements of these two Rules.

Instead of being short and plain, the Complaint is long and rambling. It alleges criminal, constitutional, and civil rights violations, including violations of Title VII; 42 U.S.C. § 1985; the First, Fourth and Fifth Amendments to the U.S. Constitution; 18 U.S.C. §§ 2, 242, 1503,

1512, 1513 (all criminal statutes); wire and mail fraud (criminal violations); and the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

Ms. Rogler also alleges a cause of action under the APA, but fails to identify the final agency action for which she seeks review. Instead, she says that interference with an investigation of her termination of employment, the termination of her employment itself, the "[c]reation of an illegal EEO Counselor's Report," a "[f]ailure to submit to OFO Plaintiff's formal complaint and submission of false records to EEOC OFO," and a "corrupt conspiracy" at the National Institutes of Health, where Ms. Rogler was a chaplain, violated the APA. Compl. ¶ 236. She alleges that "[t]he administering authorities do not have discretion to intimidate, tamper with and/or retaliate against witnesses to federal administrative hearings." *Id.* ¶ 237. The Complaint identifies at least ten NIH employees who are alleged to have been part of a conspiracy to violate NIH rules, regulations and policies, as well as Title VII, that allegedly resulted in numerous terminations, including Ms. Rogler's. *See* Compl. ¶¶ 9-18, 25, 40-44, 49, 75, 118, 120, 122-128, 130, 133, 135, 139-140, 164-65, 172, 192-93, and 219.

This case is Ms. Rogler's third before this Court. It is part and parcel of her effort to obtain review of the alleged cabal at NIH, whose most basic goal was allegedly to establish "multi-faith chaplaincy" at NIH, *i.e.*, "liberal Protestant chaplaincy." *Id.* ¶ 41; *see also id.* ¶ 42 ("Rev. Fitzgerald's interpretation of multi-faith chaplaincy requires the chaplain to ignore his/her own religious affiliations, traditions, and liturgical expressions and replace them by acting and dressing in a manner that is consistent with liberal Protestantism."). The Complaint is, however, too long, too convoluted, and too confusing to require Defendants to respond. In the main, it advances allegations that have nothing to do with the Privacy Act, the APA or the Declaratory Judgment Act.

It will be dismissed because it fails to conform to Federal Rules of Civil Procedure 8(a) and 10(b).

### B.  28 U.S.C. § 1915(e)(2)(B)

Federal law explicitly recognizes the right of a person without assets to initiate a civil case without paying filing fees, that is, *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915. Ms. Rogler satisfied the Court that she qualified for IFP status and has proceeded without payment of court fees. Nonetheless, the law also provides that "the court *shall* dismiss the [IFP] case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B) (emphasis added). Once such a determination is made, dismissal is mandatory.

Defendants argue that the Court should dismiss this lawsuit with prejudice because it is "frivolous or malicious" inasmuch as "Plaintiff's claims arise out of a common nucleus of operative facts that could have been, and in some instances have been[,] brought in prior suits filed by Plaintiff." Defs.' Mem. in Supp. of Mot. to Dismiss [Dkt. # 10] at 5. A complaint is frivolous within the meaning of 28 U.S.C. § 1915 if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[7] The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* IFP "complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff[,]" and an IFP complaint may be dismissed as "malicious" when it

---

[7] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), its analysis is applicable to the present statute.

"constitute[s] repetitive litigation," that is, when the complaint "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

Defendants note that Ms. Rogler filed her first Privacy Act complaint in this Court in *Rogler v. HHS*, Civil Action No. 08-570, wherein she named HHS and Rev. Owen Ray Fitzgerald as Defendants.[8] One of her allegations was that an HHS employee had transmitted a copy of her termination letter to an administrative judge of the Equal Employment Opportunity Commission in response to Ms. Rogler's identification as a potential witness in an EEO proceeding, and thereby violated Ms. Rogler's rights under the Privacy Act. *See* Compl. ¶¶ 24-25, 28 [Dkt. # 1 in Case No. 08-570]. After Defendants raised the affirmative defense of the statute of limitations, Ms. Rogler moved to dismiss the claim relating to the dissemination of the termination letter and upon filing an amended complaint, she omitted that claim. *See* Dkt. ## 35 & 38 in Case No. 08-570. In the instant matter, presumably to avoid the statute of limitations, Ms. Rogler alleges that she only discovered the disclosure of her termination letter when Defendants filed their motion to dismiss in *Rogler v. HHS*, Civil Action No. 08-570. *See* Compl. ¶ 223 ("It was not until the Defendants filed their exhibit B (under seal) to Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment in *Rogler v. DHHS*, civil action no. 08-0570 (RMC), Dkt. # 16 & 17 that Plaintiff discovered how and when the Defendants had disclosed Ms. Britton's letter dated January 5, 2006 terminating the Plaintiff's alleged contract."). The timing of Ms. Rogler's knowledge is not the issue raised by the

---

[8] Ms. Rogler had previously filed a Privacy Act suit against HHS in the United States District Court for the District of Maryland (where NIH is located), which she voluntarily dismissed. *See Rogler v. HHS*, Civil Action No. 07-1676 (D. Md.). She later appealed her voluntary dismissal to the Fourth Circuit Court of Appeals but her appeal was dismissed. *See Rogler v. HHS*, Civil Action No. 08-1363 (4th Cir. Aug. 19, 2008).

pending motion to dismiss. What matters is whether Ms. Rogler has duplicated allegations she advanced in another one of her lawsuits, which she clearly has.

The Amended Complaint in *Rogler v. HHS*, Civil Action No. 08-570, also advanced a claim under FERPA. *See* Dkt. # 38 in Case No. 08-570. After HHS moved to dismiss, in part on the grounds that FERPA does not create a private right of action, *see* Dkt. # 42 in Case No. 08-570, Ms. Rogler conceded the point. *See* Dkt. # 80 in Case No. 08-570. Yet here, she again alleges violations of FERPA. *See* Compl. ¶ 237 ("Plaintiff is aggrieved by DHHS and EEOC decisions that are not discretionary by law. Said decisions are confined by law including but not limited to . . . FERPA . . . .").

Likewise, Ms. Rogler's instant Complaint alleges claims under the First, Fourth and Fifth Amendments to the U.S. Constitution and 42 U.S.C. § 1985, assertedly because Defendants retaliated against her for agreeing to testify in an EEOC proceeding. *See id.* Those same allegations formed the basis of her *Bivens* lawsuit in *Rogler v. Biglow*, Civil Action No. 07-2308. *See* Dkt. # 1 in Case No. 07-2308. On April 29, 2009, the Court dismissed those claims with prejudice, finding that Title VII was Ms. Rogler's exclusive remedy for the asserted retaliation. *See* Dkt. ## 131 & 132 in Case No. 07-2308.

Some of Ms. Rogler's current allegations border on the fantastic. She alleges that she was being "hidden in the video storage closet to conceal her identity as a witness" in violation of 42 U.S.C. § 1985, Title VII, and 18 U.S.C. §§ 2, 242 and 1503. *See* Compl. ¶ 136 (Plaintiff "objected to being confined to the video storage closet in another building . . . because she had formulated the strong belief that she was being hidden in the video storage closet to conceal her identity as a witness" in an EEOC proceeding.). Sections 242 and 1503 of Title 18 of the U.S. Code are criminal

statutes which provide criminal penalties for deprivation of rights under color of law and obstructing justice by threatening or attempting to influence grand jurors or petit jurors, or officers of the court. *See* 18 U.S.C. §§ 242 & 1503.  Section 2 of Title 18 is an aiding and abetting criminal provision. *See* 18 U.S.C. § 2.  These allegations and references to criminal statutes are frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (finding of factual frivolousness of an *in forma pauperis* claim is appropriate when the facts alleged in a complaint rise to the level of irrational or wholly incredible).

> Ms. Rogler opposes the motion to dismiss:
>
> Plaintiff incorporates all of her evidence by reference herein that she submitted in 07-2308 and 08-570.  Defendants have no evidence submitted to the Court to be making the types of rude comments made in their motion[] to dismiss.  Evidence speaks louder than insults.  The federal witnesses involved in the instant dispute are exhausted.  Our tires are retreads and our speedometers are past 100,000 miles, but we remain hopeful of having our day in court.  And more hopeful that the Court will take action to change the conditions at The National Institutes of Health Clinical Center and how witnesses are mistreated if they are adverse to the unlawful plans of the "family" in the "loop."

Pl.'s Opp'n to Defs.' Mot. to Dismiss [Dkt. # 16] at 1-2.

At its heart, the instant Complaint is slightly more factually detailed than its predecessors but offers nothing beyond what is already alleged in Ms. Rogler's other cases in this Court (Case Nos. 07-2308 and 08-570), which arise from the common factual basis of her prior work as a chaplain at NIH, and her Title VII case pending in the District of Maryland, in which she is challenging her termination.  The reliance of her Opposition on the evidence from her prior cases merely demonstrates that this is not a new action or one that could not have been brought in those earlier cases.  She complains that witnesses in EEO proceedings at NIH are mistreated and subject

to retaliation; that is exactly the gravamen of her Title VII case and she cannot litigate those issues here under the cover of Title VII, the APA, or the Declaratory Judgment Act.

Having carefully perused the instant Complaint (and the First Amended Complaint), the Court can find nothing here that has not already been alleged in one or more Ms. Rogler's previous cases or which could not have been so alleged. Repetitious filing constitutes a "frivolous or malicious" action within the meaning of 28 U.S.C. § 1915(e)(2)(B) and for that reason, this case will be dismissed with prejudice as to the instant Complaint and without prejudice as to Ms. Rogler's other suits that are pending as of this date. A memorializing Order accompanies this Memorandum Opinion.

Date: June 3, 2009                                          /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge